ANNA M. BAKER, DEFENDANT IN ERROR, v. NORTH JERSEY STREET RAILWAY COMPANY, PLAINTIFF IN ERROR.

Submitted December 5, 1908—Decided February 23, 1909.

A judgment will be reversed because of an instruction which states the legal effect of certain facts, of whose existence there is no evidence, where the instruction was calculated to mislead the jury and prejudice the objecting party.

---

On error to Essex Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Leonard J. Tynan* and *Howard MacSherry.*

For the defendant in error, *W. C. & E. Headley.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ of error brings under review a judgment of the Essex Circuit Court in favor of the plaintiff below in an action of tort for negligence.

The plaintiff, Anna M. Baker, was a passenger on an east-bound street car of the defendant company and wished to get off at Prospect street, East Orange.   The car stopped and she went to the rear platform and was about to alight, when she fell and was injured.   The accident happened March 10th, 1907, at 5:30 P. M.   It had been snowing heavily all the after-noon and the street and car platforms were covered with damp snow.   In pursuance of the practice of the company during snow storms the car in question was inspected and cleaned of snow in the middle of every trip as it passed the car barn, thereby making an inspection every forty-six minutes.

The plaintiff testified that when the car came to a full stop she went to the rear platform and when she was within about ten inches of the edge of the platform, with her hand on the back rail, there was a jar such as sometimes happens when the motorman releases the brake, and, because of the presence of ice on the platform, her feet slipped and she fell into the street.

In the view we take of the case the only assignment of error requiring consideration is that based upon an exception to the charge of the court.

The learned trial judge first properly charged with respect to the inference of negligence which might be drawn from an extraordinary jar injurious to an alighting passenger.   He next correctly stated the legal duty of the defendant to use a high degree of care to keep the platform of its car in a condi-

tion suitable for the use of its passengers, involving inspection and cleaning at reasonable intervals. He then called the attention of the jury to the fact that the uncontradicted testimony showed inspection in the middle of every forty-six-minute trip, and intimated and almost said that there could be no verdict against the defendant predicated on want of a scheme of frequent inspection.

But the trial judge then proceeded to charge as follows: "The next question which I leave to you is whether this inspection was carefully made, and that I shall leave to you without remark. If the evidence leads your minds to the conclusion that the plaintiff slipped on the platform because of the presence of snow or ice which a proper inspection when the car was last at the car house would have discovered and due care would have removed, then the company failed in its duty to the plaintiff, because although it had a good scheme, it was carried out in a slipshod way."

We think that this charge was prejudicial error because no facts had been established by evidence from which want of due care in inspection for or removal of snow from the platform could have been reasonably inferred.

The testimony of the plaintiff as to what the conductor told her was not sufficient for the purpose because it was not legitimate evidence. *Blackman* v. *West Jersey and Seashore Railroad Co.*, 39 *Vroom* 1. Moreover, it was not responsive to the question, was objected to, and the trial judge seems to have intended to exclude it from the jury's consideration.

Nor was the testimony of the plaintiff that the ice "looked like old ice" sufficient to justify the inference that the cleaning was improperly done. At most this was mere conjecture —it proved nothing—and did not justify the submission to the jury of the question whether or not due care had been exercised in cleaning the platform. *Hummer* v. *Lehigh Valley Railroad Co.*, 46 *Vroom* 703.

By the undisputed proof it appeared that the wet snow falling accumulated upon the platform and by reason of the coming and going of passengers the middle of the platform presented a slippery ice-like appearance. It appeared from

the testimony of Mr. Miller, a witness produced by the plaintiff, that after the accident the snow upon which plaintiff slipped was cleaned off at the car house and that no chopping was needed. The operation was performed by scraping it loose with a sharp instrument and then sweeping it off with a broom. It further appeared by the uncontradicted testimony of the defendant that, during the storm, the car steps and platforms were cleaned every time the car passed the car barn; that such cleaning was thorough; that the steps and platforms were sanded after being cleaned; that the car passed the car barn, and went through the cleaning process, at intervals of forty-six minutes; that in pursuance of this scheme the car was thoroughly cleaned forty minutes prior to the accident in question. The mere conjecture of the plaintiff proved nothing which tended to controvert this testimony.

We think, therefore, that the instruction of the trial judge which stated the legal effect of certain facts, of whose existence there was no evidence, was error requiring reversal, since it was calculated to mislead the jury and was prejudicial to the defendant.

The judgment below should be reversed and the record remitted for a new trial.